**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| A.H., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:26-cv-05924 |
| | : | |
| JENNEL LARISSA DEAS, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.** **August 21, 2026**
**United States District Judge**

This case was filed by Plaintiff, a seventeen-year-old woman, against Jennell Larissa Deas and Kashewn Deas, claiming that they came into her room and yelled at her, and then destroyed certain of her property after she "went outside to cool off."[1] Compl. at 3. ECF No. 2. Plaintiff seeks $10,000 to compensate her for the lost property and $3,000 "for pain and suffering." *Id.* at 4.

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case[.]" *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29,

[1] Since Plaintiff is a minor, the Court will direct the Clerk's Office to use her initials in the caption instead of her name and will direct this case to be filed as participant view only. *See* Fed. R. Civ. P. 5.2(a). The Court also recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect a minor who is unrepresented. *See* Fed. R. Civ. P. 17(c)(2). However, since it is apparent that this Court has no authority to hear the Plaintiff's claims, as discussed in this Memorandum, it must dismiss this case without prejudice for lack of jurisdiction; under such circumstances, it would be improper to appoint a guardian or counsel for Plaintiff. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening[.]"); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (*per curiam*) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c).").

34 (3d Cir. 2018). Indeed, the Federal Rules of Civil Procedure require the Court to dismiss any claims over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty" to raise them on their own. *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotation marks omitted). The Court construes the allegations in the Complaint liberally because Plaintiff is representing herself. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Plaintiff indicates that she seeks to bring federal claims against the Deases, but the Complaint does not provide any factual basis for a federal claim so the Court cannot exercise jurisdiction based on a federal question. *See* 28 U.S.C. § 1331; *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (quoting *Bell v. Hood*, 327 U.S. 678, 682-683 (1946)); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-1409 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial" (cleaned up)). To the contrary, the most reasonable reading of the factual allegations that form the basis of Plaintiff's claims suggest that her claims arise under Pennsylvania tort law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.") (citation omitted).

The only way that the Court could entertain Plaintiff's tort claims is if it had jurisdiction under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citation omitted). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938))).

The Complaint does not allege the citizenship of the parties. However, Plaintiff lists Pennsylvania addresses for herself and the Defendants, and it appears that the parties all recently lived together at an Allentown address, suggesting they are all citizens of Pennsylvania. *See* Compl. at 1-3. In any event, the amount in controversy here falls far short of the legal threshold, since Plaintiff seeks damages in the amount of $13,000. For this reason, the Court lacks the authority to resolve Plaintiff's claims. Accordingly, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction without leave to amend because Plaintiff cannot cure the jurisdictional defect. Plaintiff should note, however, that this dismissal does not

prejudice her ability, either through the proper representative or when she reaches the age of majority, to refile her case in state court if she chooses to do so.

An Order follows, which dismisses this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge